SPERO T. LAPPAS, Esquire
SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, Pennsylvania 17110-9670
ATTORNEYS FOR THE PLAINTIFFS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE RIVERA, Individually and as personal representative of the Estate of HERMAN BEURY,<br>          Plaintiffs<br>v. | : <br> : <br> : <br> : NO:<br> : <br> : |
| CORRECTIONAL OFFICER PUTTERMAN, Individually and as an employee of the County of Northumberland<br>          Defendant<br>     and | : <br> : <br> : <br> : JURY TRIAL DEMANDED<br> : <br> : |
| COUNTY OF NORTHUMBERLAND<br>          Defendant | : |

# COMPLAINT

*Respectfully submitted,*

*SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.*

*By:* _____

*SPERO T. LAPPAS, ESQUIRE*
*PA. SUPREME CT. ID NO. 25745*
*2080 LINGLESTOWN ROAD, SUITE 201*
*HARRISBURG, PA 17110-9670*
**ATTORNEYS FOR THE PLAINTIFFS**

# COMPLAINT

*AND NOW comes the Plaintiffs, by their attorneys* **SPERO T. LAPPAS, Esquire, SERRATELLI, SCHIFFMAN, BROWN, AND CALHOON, P.C.** *and makes their Complaint against the above-captioned Defendants:*

## PARTIES AND PRELIMINARY AVERMENTS

1.  Elaine Rivera is an adult individual residing in the Middle District of Pennsylvania. She is the mother of Herman Beury who died on April 6, 2007 as the direct result of the unlawful activities of the Defendants as will be described in the following parts of this Complaint. She is also the executor and personal representative of thee estate of Herman Beury.

2.  County of Northumberland is a county and political subdivision of the Commonwealth of Pennsylvania, existing and operating under the laws of the Commonwealth of Pennsylvania and the United States.

3.  All of the Defendant's actions described within this Complaint

either infra or supra, were taken under color of state law.  All of the Defendants' actions described within this Complaint either infra or supra, were intentional, malicious and taken in bad faith; in the alternative, those actions were reckless; in the alternative, those actions were negligent.  None of those actions were privileged, or in the alternative, any privilege which would have otherwise attached was lost through abuse of a conditionally privileged occasion.

4.  All harms, damages, and injuries suffered by the Plaintiffs were the direct, legal and proximate results of the wrongful acts of Defendants as described in this Complaint.

5.  Plaintiff's federal claims against defendants are brought in the various Counts of this Complaint pursuant to:  42 USC § 1983 and the Fourteenth Amendment to the United States Constitution.

6.  Jurisdiction is founded upon 28 USC § 1331 and 1341 and the aforementioned statutory and constitutional provisions.

## FACTS

7.  During the early afternoon of April 5, 2007, Herman Beury was admitted to Northumberland County Prison after violating his

parole by operating an unlicensed vehicle.

8.  Before arriving at Northumberland County Prison, Herman Beury had ingested a quantity of methadone, which he obtained lawfully pursuant to treatment for and resolution of a heroin addiction. He arrived at the Prison obviously under the influence of methadone or a related drug.

9.  Herman Beury was housed in a cell with three cellmates and told them that he had ingested methadone.

10.  In the early morning of April 6, 2007, around two o'clock a.m., Herman Beury approached the gate of his cell and informed the prison officers on duty that he was experiencing severe chest pains.

11.  Officer PUTTERMAN dismissed and ignored Herman Beury's complaints and ordered him to stop complaining and to get away from his cell gate or else he would be punished.

12.  Herman Beury did as he was ordered, but later complained again that he was still experiencing severe chest pains and needs to see a doctor or a nurse.

13.  Beury's complaints of pain and of his deteriorating physical condition were so serious, consistent, and troubling that other inmates

began calling to each other and commenting on Beury's condition. Despite the commotion, Beury's complaints and condition were ignored or dismissed by prison officials.

14.  Herman Beury eventually layed down in his bunk and died.

15.  Around seven o'clock a.m., Officer Kevin Fisher found Herman Beury unresponsive and face down on a top bunk in his cell.

16.  At or about 7:20a.m., April 6, 2007, Herman Beury was pronounced dead.

17.  An autopsy was conducted approximately four hours later, at 11:15a.m., which concluded that Beury died of mixed drug toxicity.

18.  The death of Herman Beury was the direct result of the unlawful and unconstitutional actions of Defendants in ignoring or dismissing Herman Beury's complaints of pain and desire for medical attention.

19.  Additionally, the death of Herman Beury was the result of constitutionally inadequate training of the Northumberland County Prison by Defendant Northumberland County.

20.  Furthermore, a special relationship existed between Herman Beury and Defendant Northumberland County.  Pursuant to that

special relationship, the Defendants had a constitutional responsibility to protect him and their failure to do so violated his Fourteenth Amendment rights.

21. Pursuant to Fourteenth Amendment Due Process, the defendants are liable for the injuries and damages to Herman Beury. in that it created a danger which caused that harm.

22. The harm to and death of Herman Beury was the direct, legal, proximate, and foreseeable result of the misconduct of each Defendant.

23. Pursuant to Fourteenth Amendment Due Process, each Defendant is liable for the injuries to Herman Beury in that the Defendant occupied a special relationship with him and because the Defendant entered into a relationship with him creating an affirmative duty to protect him, and subsequently breached that duty.

24. Pursuant to Fourteenth Amendment Due Process, the Defendant is  liable for the injuries to harm and death of Herman Beury in that the Defendant created a danger which caused harm to him.

25. Additionally, the harm to and death of Herman Beury was the

result of the Defendants' unlawful, unprivileged, and unnecessary acts and the constitutionally inadequate training by the Defendant Northumberland County of the Defendant's employees.  The Defendant's failure to train its employees to deal with and respond appropriately to actual, apparent or suspected cases of severe medical distress was the direct, legal and proximate cause of the harms to Herman Beury.  The Defendant's failure to provide adequate training to its employees constituted deliberate indifference to the presence of an excessive risk of danger to the health, welfare, and safety of the prisoners of the Defendant County.

26.    At the time of his death, Herman Beury was 33 years of age and had an approximate life expectancy of forty years.

27.    Herman Beury upon his death left surviving him Elaine Rivera (mother) upon whose behalf was wrongful death actions are brought.

28.    Elaine Rivera also claims as damages all damages allowed by law, including inter alia funeral expenses, reasonable hospital and medical expenses, and expenses of administration.

29.    Elaine Rivera, the administrator and personal

representative of the estate of Herman Beury, also claims on behalf of said estate the damages suffered by said estate by reason of the death of the decedent, including inter alia:

(1) The pain and suffering the decedent underwent prior to death;

(2) All other damages allowed by law.

30.     Plaintiffs have suffered additional pecuniary losses.

31.     Herman Beury's death was the direct, legal, proximate, and foreseeable result of the misconduct of the individual Defendants and with respect to Defendant Northumberland, of the failure to train, and the deliberate indifference described supra.

32.     Elaine Rivera, under Fourteenth Amendment due process, has a separate cause of action for termination of his rights of companionship and association with her son Herman.

## COUNT 1

### ELAINE RIVERA
### AS THE ADMINISTRATOR AND PERSONAL REPRESENTATIVE
### OF THE ESTATE OF HERMAN BEURY
### V.
### COUNTY OF NORTHUMBERLAND

### WRONGFUL DEATH ACTION

33.    All other parts of this Complaint are incorporated into this Count by reference thereto.

34.    WHEREFORE, the PLAINTIFF requests that this Court enter judgment on her behalf and against this Defendant for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's fees.

## COUNT 2

### ELAINE RIVERA
### AS THE ADMINISTRATOR AND PERSONAL REPRESENTATIVE
### OF THE ESTATE OF HERMAN BEURY
### V.
### COUNTY OF NORTHUMBERLAND

### SURVIVAL ACTION

35.   All other parts of this Complaint are incorporated into this Count by reference thereto.

36.   WHEREFORE, the PLAINTIFF requests that this Court enter judgment on her behalf and against this Defendant for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's fees.

## COUNT 3

### ELAINE RIVERA
### AS THE ADMINISTRATOR AND PERSONAL REPRESENTATIVE
### OF THE ESTATE OF HERMAN BEURY
### V.
### CORRECTIONAL OFFICER PUTTERMAN, Individually
### and as an employee of the County of Northumberland
### WRONGFUL DEATH ACTION

37.   All other parts of this Complaint are incorporated into this Count by reference thereto.

38.   WHEREFORE, the PLAINTIFF requests that this Court enter judgment on her behalf and against this Defendant for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's fees.

## COUNT 4

### ELAINE RIVERA
### AS THE ADMINISTRATOR AND PERSONAL REPRESENTATIVE
### OF THE ESTATE OF HERMAN BEURY
### V.
### CORRECTIONAL OFFICER PUTTERMAN, Individually
### and as an employee of the County of Northumberland
### WRONGFUL DEATH ACTION

### SURVIVAL ACTION

39.    All other parts of this Complaint are incorporated into this Count by reference thereto.

40.    WHEREFORE, the PLAINTIFF requests that this Court enter judgment on her behalf and against this Defendant for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's fees.

## COUNT 5

### ELAINE RIVERA
### V.
### COUNTY OF NORTHUMBERLAND

41.   All other parts of this Complaint are incorporated into this Count by reference thereto.

42.   WHEREFORE, the PLAINTIFF requests that this Court enter judgment on her behalf and against this Defendant for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's fees.

## COUNT 6

### ELAINE RIVERA
### V.
### CORRECTIONAL OFFICER PUTTERMAN

43.   All other parts of this Complaint are incorporated into this Count by reference thereto.

44.   WHEREFORE, the PLAINTIFF requests that this Court enter judgment on her behalf and against this Defendant for damages in an amount to be determined at trial, plus costs of litigation, plus reasonable attorney's fees.

*Respectfully submitted,*

*SERRATELLI, SCHIFFMAN, BROWN AND CALHOON, P.C.*

*By:* _____

*SPERO T. LAPPAS, ESQUIRE*
*PA. SUPREME CT. ID NO. 25745*
*2080 LINGLESTOWN ROAD, SUITE 201*
*HARRISBURG, PA  17110-9670*
*(717) 540-9170*

*JAMES VERNILE, Esquire*
*601 Walnut Street, Suite 1150*
*Philadelphia, PA 19106*

*ATTORNEYS FOR THE PLAINTIFFS*